983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Juan G. QUINTO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3297.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Juan G. Quinto petitions for review of the January 10, 1992 initial decision of the Merit Systems Protection Board (Board), Docket No. SE0831920026-I-1, which became final on February 14, 1992, affirming the Office of Personnel Management's (OPM) reconsideration decision denying his application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 On July 31, 1990, Mr. Quinto applied for a deferred annuity under the Civil Service Retirement Act (CSRA), based upon service as a teacher with the Philippine Insular Government from October 25, 1928 to November 15, 1935. Mr. Quinto remained employed with the Philippine Government as a teacher until April 26, 1969, when he retired. On April 12, 1991, OPM initially denied Mr. Quinto's application for an annuity, citing a statement from the National Personnel Records Center (NPRC) that a search of its records failed to reveal any evidence of the claimed employment. In its August 23, 1991 reconsideration decision, OPM found that although Mr. Quinto's service with the Philippine Insular Government prior to November 15, 1935 may be creditable service under the CSRA, it did not qualify him for an annuity as it was not followed by service in a position covered by the CSRA.
 
 
 3
 On appeal to the Board, Mr. Quinto contended that his seven years of service with the Philippine Insular Government qualified him for an annuity. In a decision dated January 10, 1992, the Administrative Judge (AJ) affirmed OPM's reconsideration decision. The AJ determined that Mr. Quinto had completed seven years of creditable service by November 15, 1935, but the law in effect at the time of Mr. Quinto's involuntary separation from the Philippine Insular Government in 1935 required fifteen years of creditable service for entitlement to an annuity. Act of May 29, 1930, ch. 349, §§ 1, 3 and 7, 46 Stat. 468, 470 and 474. The AJ held that since Mr. Quinto lacked fifteen years of service at the time of his separation in 1935, he was not entitled to a deferred annuity.
 
 
 4
 The AJ also determined that Mr. Quinto's service with the Philippine Government after 1935, until his retirement in 1969, was not covered by the CSRA. The AJ noted that the civil service retirement law in effect in 1969 required that an employee complete at least five years of creditable service with one of the last two being in a covered position. 5 U.S.C. § 8333(a)-(b). The AJ held that since Mr. Quinto did not satisfy the covered position requirement, he was not entitled to a deferred annuity under the retirement law in effect in 1969.
 
 
 5
 The AJ's initial decision became the final decision of the Board on February 14, 1992. Since substantial evidence supports the AJ's conclusions, we affirm the Board's decision.